```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

WILLIE R. HARRIED AND WIFE,
JOYCE M. HARRIED                                        PLAINTIFFS

VS.                               CIVIL ACTION NO. 3:11CV102TSL-MTP

FORMAN PERRY WATKINS KRUTZ
& TARDY RONALD KING, ET AL.                             RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiffs Willie R. Harried and Joyce M. Harried to remand, and of defendants Forman Perry Watkins Krutz & Tardy (Forman Perry) and Daniel Mulholland to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motions have been fully briefed, and the court, having considered the memoranda of authorities submitted by the parties, concludes that on the basis of plaintiffs' complaint, they have no reasonable possibility of recovery against Mulholland and Forman Perry, and therefore, the motion to remand will be denied and these defendants' motion to dismiss will be granted.

In 2001, Willie Harried became a plaintiff with approximately 175 other plaintiffs, in a lawsuit filed in the Circuit Court of Jefferson County against Illinois Central, styled <u>Elbert Eakens v. Illinois Central Railroad Co.</u>, Civil Action No. 2001-65, in which the plaintiffs, including Harried, asserted claims under the

Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., based on allegations they suffered from asbestos-related disease as a result of exposure to asbestos while employed by Illinois Central. In August 2002, a settlement agreement was reached between the parties in the Eaton case, pursuant to which Illinois Central agreed to a payment schedule tied to each respective plaintiff's county of residence and specific medical diagnosis.  As part of the agreement, each plaintiff was required to complete a Pulmonary Questionnaire which requested information about the respective plaintiff's diagnosis and exposure.  Harried completed a questionnaire and on July 28, 2003, his attorneys, William Guy and Thomas Brock, forwarded his completed questionaire to Illinois Central.  On November 26, 2003, after receiving the questionnaire, Illinois Central tendered to Harried and his attorneys a check in the amount of $90,000 in settlement of his claim.

     Subsequently, in November 2006, Illinois Central filed suit in this court against Willie Harried, charging him with fraud in connection with the settlement.  Illinois Central alleged that following the settlement, it had discovered that certain of Harried's responses on the Pulmonary Questionnaire were materially false.  In particular, Illinois Central alleged that in response to specific questions seeking information about the timing of his diagnosis and any prior asbestos claims, Harried had failed to disclose that he had been a plaintiff in a 1995 lawsuit against

2

asbestos manufacturers in which he sought recovery for asbestos-related disease;[1] and Illinois Central asserted that had Harried's responses been truthful, it would not have settled his claim because it would have known that his claim accrued in or prior to 1995 and that his 2001 complaint against Illinois Central was consequently barred by FELA's three-year statute of limitations.

In December 2007, after Harried was deposed and testified that he had disclosed his participation in the Cosey case to Guy and Brock on an intake form, and after copies of the intake form produced in discovery by Guy and Brock did not match the description of the form Harried testified he had completed, Illinois Central filed an amended complaint to add Guy and Brock as defendants on claims for fraud and breach of the duty of good faith and fair dealing.[2] The case was ultimately tried, and on

---

[1] In July 1995, Willie Harried became a plaintiff in Cosey, et al. v. E.D. Bullard, et al., Civil Action 95-0069, a mass tort suit filed in the Circuit Court of Jefferson County, Mississippi, involving over two hundred plaintiffs and numerous asbestos manufacturers, in which the plaintiffs, including Harried, alleged they had been exposed to asbestos and suffered from asbestos-related disease. In August 2002, after initiation of the Eaton case, he also became a plaintiff in another case mass tort lawsuit against asbestos manufacturers filed in the Jefferson County Circuit Court, Lee Anderson, et al. v. Garlock, Inc., et al., No. 2002-255, in which he and his co-plaintiffs alleged injury from exposure to asbestos. The questionnaire provided to Illinois Central disclosed Harried's participation in Anderson but not his participation in the earlier Cosey case.

[2] Illinois Central had moved to amend to also add a claim against Harried for negligent misrepresentation, but its motion was denied.

3

March 11, 2010, the jury returned a verdict against Brock and Guy but in favor of Harried on Illinois Central's fraud claim against him.

On January 19, 2011, Willie Harried and his wife, Joyce, filed the present action in the Circuit Court of Hinds County against Illinois Central, and against Daniel Mulholland and the Forman Perry law firm, which had represented Illinois Central in its lawsuit against Harried, alleging claims for abuse of process, malicious prosecution, conspiracy, negligent and intentional infliction of emotional distress, and punitive damages based on allegations that Illinois Central, through its counsel, filed and pursued the lawsuit against Willie Harried knowing that the claim against him was time-barred and yet proceeding anyway, with an ulterior motive of gathering information in order to initiate and pursue litigation against the attorneys Brock and Guy.

Defendants timely removed the case to this court pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction, asserting improper joinder of Mulholland and Forman Perry, whose Mississippi citizenship is the same as plaintiffs. Following removal, Mulholland and Forman Perry promptly filed their Rule 12(b)(6) motion to dismiss. The Harrieds thereafter filed their motion to remand.

In support of their motion to dismiss, and in opposition to plaintiffs' remand motion, Mulholland/Forman Perry submit that as

4

to each of plaintiffs' asserted claims against them, there are various bases for concluding plaintiffs have failed to state a cognizable claim and hence have no reasonable possibility of recovery against them.

To establish a claim for improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)). Under the second prong, which is what is at issue here, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." Id.[3]  Improper joinder issues are

---

[3]   The "common defense" exception, identified in Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004), recognizes that there is no improper joinder when the

ordinarily resolved by conducting a Rule 12(b)(6)-type analysis, though in cases where the plaintiff has stated a claim, but "misstated or omitted discrete facts," the court has the discretion to pierce the pleadings and conduct a summary inquiry. Id. at 183 n.6 (citing Smallwood, 385 F.3d at 573).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955. To overcome a motion to dismiss, a complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d

---

nonresident defendant's "showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant[.]" Id. at 574. This rule is not applicable here, as it applies only where the defenses asserted by the resident defendants "'equally' and 'necessarily' 'compel[]' dismissal of *all* claims against *all* the diverse defendants." Boone v. Citigroup, Inc., 416 F.3d 382, 390 (5th Cir. 2005) (citing Smallwood).

973, 975 (5th Cir. 1995). Such analysis must be done in the context of Rule 8's notice pleading standard, which requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief in order to 'give defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp., 550 U.S. at 554-55 (quoting Rule 8). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. "As a practical matter, the negative corollary of this statement will often hold true: if a plaintiff's claims against in-state defendants cannot survive a Rule 12(b)(6) analysis, the finding of improper joinder follows." Druker v. Fortis Health, Civil Action No. 5:06-cv-00052, 2007 WL 38322, 7 (S.D. Tex. Jan. 4, 2007).

   In the case at bar, among other bases, Mulholland/Forman Perry argue that there is no reasonable possibility of recovery against them on plaintiffs' putative claims for abuse of process, intentional infliction of emotional distress and conspiracy because these claims are all barred by the applicable statutes of limitations. Neither in their own motion to remand nor in their response to the pending motion to dismiss do plaintiffs contend otherwise. In fact, in their pending submissions, plaintiffs do not even mention any of these claims; rather, the only claim they address and contend gives them a reasonable possibility of

7

recovery against Mulholland/Forman Perry is their claim for malicious prosecution.

The abuse of process claims, which are subject to a one-year limitations period, see Sullivan v. Boyd Tunica, Inc., Civil Action No. 2:06CV016-B-A, 2007 WL 541619, 3 (N.D. Miss. Feb. 16, 2007) (citing Suthoff v. Yazoo County Indus. Dev. Corp., 722 F.2d 133, 136 (5th Cir. 1983)), are clearly time-barred. "Abuse of process occurs when (1) a party makes an illegal use of a legal process, (2) the party has an ulterior motive, and (3) damage results from the perverted use of process." Ayles ex rel. Allen v. Allen, 907 So. 2d 300, 2003 (Miss. 2005). "'Unlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary, ordinarily, to establish that the action in which the process is issued has terminated unsuccessfully." Sullivan, 2007 WL 541619 at 3 (quoting Hyde Constr. Co. v. Koehring Co., 321 F. Supp. 1193, 1207 (S.D. Miss. 1969)). "A cause of action for abuse of process, therefore, accrues at 'the termination of the acts which constitute the abuse complained of, and not from the completion of the action which the process issued....'" Id. (quoting Hyde Constr., 321 F. Supp. at 1207). In this case, plaintiffs' abuse of process claims are grounded on their allegations that in November 2006, defendants knew any claim against Willie Harried would be time-barred but

they nevertheless filed suit against him for fraud, and that they thereafter deposed Willie Harried in 2007, all for the ulterior purpose of gathering information for filing and pursuing litigation against Brock and Guy for their fraudulent conduct. The prior litigation terminated in March 2010, less than a year prior to the Harrieds' commencement of the present action. But as Mulholland/Forman Perry correctly point out, the termination date is not determinative; rather the pertinent dates are the dates of the acts which constitute the abuse of process complained of by the Harrieds; those acts (filing suit and deposing Willie Harried) were committed in 2006 and 2007, well more than a year before this suit was filed.[4]  Accordingly, the abuse of process claims are time-barred.

Civil conspiracy claims are also subject to a one-year limitations period.  See McGuffie v. Herrington, 966 So. 2d 1274,

---

[4]  The Harrieds' complaint undertakes to plead three abuse of process counts, directed, respectively, to defendants' alleged acts of filing a complaint which they knew was time-barred; noticing and taking Willie Harried's deposition in 2007 when they knew the claim was time-barred with an ulterior motive of gathering information for a suit against Guy and Brock; and continuing to pursue the civil litigation against Harried after the April 7, 2009 deposition of John Murphy (which according to the Harrieds' confirmed their claim was time-barred) when their true motivation was to litigate against Brock and Guy.  Although the Harrieds make allegations relating to defendants' *continuing to pursue* time-barred claims against Harried with an illegitimate motive, the acts which are alleged to have constituted the abuse of process are defendants' alleged filing of a time-barred complaint and their deposing Willied Harried for an improper purpose.

1278 (Miss. Ct. App. 2007). Plaintiffs' allegation in support of their conspiracy count is brief: "In planning, filing and continuing the federal suit against Harried ... the Defendants acted in combination, engaging in a conspiracy to make fraudulent use of a legal proceeding...." Mulholland/Forman Perry argue, and plaintiffs do not dispute, that plaintiffs were aware of all the facts that support their conspiracy claim at least two years before this lawsuit was filed. Accordingly, their conspiracy claim is thus time-barred.

Likewise, plaintiffs' claim for intentional infliction of emotional distress, which is also apparently based on defendants' filing and continuation of the lawsuit, is barred by the applicable one-year limitations period of Mississippi Code Annotated § 15-1-35. See Randolph v. Lambert, 926 So. 2d 941, 945 (Miss. Ct. App. 2006) (intentional infliction of emotional distress premised on filing of frivolous lawsuit was not a continuing tort and thus claim accrued and limitations period began to run when case was filed).

As for plaintiffs' claim for negligent infliction of emotional distress, Mulholland/Forman Perry point out that an essential element of this cause of action is a duty owed by them to plaintiffs, see Blake v. Wilson, 962 So. 2d 705, 715 (Miss. Ct. App. 2007) (listing elements of tort to include duty, breach, causation, and harm); and they submit that no cause of action is

cognizable against them here because no duty exists between an attorney and his client's adversary, see James v. Chase Manhattan Bank, 173 F. Supp. 2d 544, 550 (N.D. Miss. 2001) (stating, "This Court is unaware of any authority, however, not only in Mississippi, but anywhere in the country, which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating."); Roussel v. Robbins, 688 So. 2d 714, 725 n.4 (Miss. 1996) (stating, "an attorney has no duty to an adverse party."). Accordingly, plaintiffs have no possibility of recovery against Mulholland/Forman Perry on this claim.

That brings the court to the only claim plaintiffs have actually addressed on the present motions, their claim for malicious prosecution. Plaintiffs' complaint for malicious prosecution is based entirely on their allegation that defendants knew at the time they filed the federal lawsuit against Willie Harried that the sole claim therein, for fraud, was time-barred. In the motion to dismiss, and in response to plaintiffs' motion to remand, Mulholland/Forman Perry note that plaintiffs have expressly alleged that "[a]t all times mentioned in this action, the Defendants Forman Perry and Mulholland acted as agent and legal counsel for Illinois Central"; and, citing Rose v. Tullos, 994 So. 2d 734 (Miss. 2008), these defendants argue that they cannot be liable to plaintiffs on a claim for malicious prosecution since in connection with the previous lawsuit, they

11

are not alleged to have acted other than in their capacity as counsel for Illinois Central.  See Rose v. Tullos, 994 So. 2d at 739 (holding that an attorney is "not the proper party against whom to bring [a civil malicious prosecution] action"); cf. James, 173 F. Supp. 2d at 551 (holding that "an action for wrongful eviction is properly brought against the party who instituted the action ... not the attorney who represented that party in the eviction proceeding").  For their part, plaintiffs do not even acknowledge this argument or these authorities, and have offered no authority to the contrary.  The court thus concludes that plaintiffs have no reasonable possibility of recovery against Mulholland/Forman Perry on the claim for malicious prosecution.[5]

---

[5] There are other reasons plaintiffs cannot recover against these defendants, among which is the fact that plaintiffs cannot establish that the previous claim against them resulted in a favorable termination *on the merits*, an essential element of a cause of action for malicious prosecution.  See Bearden v. BellSouth Telecommunications, Inc., 29 So. 3d 761, 765-66 (Miss. 2010).  The jury in the trial of Illinois Central's case against Willie Harried resulted in a favorable *verdict* for Harried; but that verdict was a general verdict and thus there is no way to determine whether the jury found in Harried's favor on the merits, or on Harried's statute of limitations defense.  While the former would obviously constitute a favorable termination *on the merits*, the latter would not.  See id. (recognizing and adopting the "almost universal rule" that "a dismissal on procedural grounds does not reflect on the merits and, therefore, cannot constitute a favorable termination for malicious-prosecution purposes") (citing Parrish v. Marquis, 172 S.W.3d 526, 532 (Tenn. 2005)).

Based on the foregoing, it is ordered that plaintiffs' motion to remand is denied; and it is further ordered that the motion of defendants Mulholland and Forman Perry to dismiss is granted.

SO ORDERED this 12th day of July, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE