UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIE R. HARRIED AND WIFE,
JOYCE M. HARRIED                                    PLAINTIFFS

VS.                           CIVIL ACTION NO. 3:11CV102TSL-MTP

FORMAN PERRY WATKINS KRUTZ
& TARDY RONALD KING, ET AL.                         RESPONDENTS

MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendant

Illinois Central Railroad Company (Illinois Central) for judgment

on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure, or in the alternative, for summary judgment

pursuant to Rule 56.  Plaintiffs Willie and Joyce Harried have

responded to the motion and the court, having considered the

memoranda of authorities, together with attachments, submitted by

the parties, concludes that the motion for summary judgment should

be granted.

     The facts giving rise to the present lawsuit were set forth

in a previous opinion of the court, as follows:[1]  In 2001, Willie

Harried became a plaintiff with approximately 175 other

plaintiffs, in a lawsuit filed in the Circuit Court of Jefferson

County against Illinois Central, styled Elbert Eakens v. Illinois

---

[1]     Harried v. Forman Perry Watkins Krutz & Tardy, --- F.
Supp. 2d ----, 2011 WL 2728292 (S.D. Miss. July 12, 2011).

Central Railroad Co., Civil Action No. 2001-65, in which the plaintiffs, including Harried, asserted claims under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., based on allegations they suffered from asbestos-related disease as a result of exposure to asbestos while employed by Illinois Central. In August 2002, a settlement agreement was reached between the parties in the Eaton case, pursuant to which Illinois Central agreed to a payment schedule tied to each respective plaintiff's county of residence and specific medical diagnosis.  As part of the agreement, each plaintiff was required to complete a Pulmonary Questionnaire which requested information about the respective plaintiff's diagnosis and exposure.  Harried completed a questionnaire and on July 28, 2003, his attorneys, William Guy and Thomas Brock, forwarded his completed questionaire to Illinois Central.  On November 26, 2003, after receiving the questionnaire, Illinois Central tendered to Harried and his attorneys a check in the amount of $90,000 in settlement of his claim.

Subsequently, in November 2006, Illinois Central filed suit in this court against Willie Harried, charging him with fraud in connection with the settlement, the case being styled Illinois Cent. R. Co. v. Harried, Civil Action No. 5:06-cv-160(DCB)(JMR) (S.D. Miss.).  Illinois Central alleged that following the settlement, it had discovered that certain of Harried's responses on the Pulmonary Questionnaire were materially false.  In

2

particular, Illinois Central alleged that in response to specific questions seeking information about the timing of his diagnosis and any prior asbestos claims, Harried had failed to disclose that he had been a plaintiff in a 1995 lawsuit against asbestos manufacturers in which he sought recovery for asbestos-related disease; and Illinois Central asserted that had Harried's responses been truthful, it would not have settled his claim because it would have known that his claim accrued in or prior to 1995 and that his 2001 complaint against Illinois Central was consequently barred by FELA's three-year statute of limitations.

In December 2007, after Harried was deposed and testified that he had disclosed his participation in the earlier cases to Guy and Brock on an intake form, and after copies of the intake form produced in discovery by Guy and Brock did not match the description of the form Harried testified he had completed, Illinois Central filed an amended complaint to add Guy and Brock as defendants on claims for fraud and breach of the duty of good faith and fair dealing.  The case was ultimately tried, and on March 11, 2010, the jury returned a verdict against Brock and Guy but in favor of Harried on Illinois Central's fraud claim against him.

On January 19, 2011, Harried and his wife, Joyce, filed the present action in the Circuit Court of Hinds County against Illinois Central, and against Daniel Mulholland and the Forman

3

Perry law firm, which had represented Illinois Central in its
lawsuit against Harried, alleging claims for abuse of process,
malicious prosecution, conspiracy, negligent and intentional
infliction of emotional distress, and punitive damages based on
allegations that Illinois Central, through its counsel, filed and
pursued the lawsuit against Willie Harried knowing that the claim
against him was time-barred and yet proceeding anyway, with an
ulterior motive of gathering information in order to initiate and
pursue litigation against the attorneys Brock and Guy.

Following removal from state court, this court dismissed the
Harrieds' claims against attorney Mulholland and his law firm,
finding that claims for abuse of process, intentional infliction
of emotional distress and civil conspiracy were time-barred; that
the claim for negligent infliction of emotional distress failed
because the attorneys owed no duty to the Harrieds; and that since
Mulholland and his law firm were alleged to have acted solely in
their capacity as counsel for Illinois Central in connection with
the lawsuit against the Harrieds, the malicious prosecution claim
failed because under Mississippi law, "an attorney is 'not the
proper party against whom to bring [a civil malicious prosecution]
action")'."  Harried v. Forman Perry Watkins Krutz & Tardy, --- F.
Supp. 2d ----, 2011 WL 2728292, at 4 (S.D. Miss. July 12, 2011).

In its present motion, Illinois Central argues, among other
grounds, that plaintiffs' claims against it for abuse of process,

4

conspiracy and intentional infliction of emotional distress claims
are barred by the applicable statute of limitations.  Plaintiffs
have not contended otherwise in their response, and the court, for
reasons fully explained in its prior opinion, concludes the motion
is well taken as to these claims.  <u>See</u> <u>Harried</u>, 2011 WL 2728292.

In support of its motion for dismissal of the Harrieds'
malicious prosecution claim, Illinois Central notes, as did the
court in its earlier opinion, that this claim is based entirely on
the Harrieds' allegation that Illinois Central knew at the time it
filed the federal lawsuit against Willie Harried for fraud, that
the claim was time-barred.  Specifically, plaintiffs claim that on
October 1, 2003, John Murphy, alleged by plaintiffs to be an agent
of Illinois Central, gave written notice to Illinois Central that
Willie Harried had made other, earlier claims against asbestos
manufacturers for asbestos-related damages, and that Illinois
Central, with actual knowledge of the other, earlier
asbestos-related claims, paid Harried $90,000 on November 26, 2003
to settle his asbestos claim against Illinois Central.  Plaintiffs
maintain that since Illinois Central knew of Willie Harried's
earlier claims against asbestos manufacturers for asbestos-related
damages by October 1, 2003, then when it filed the lawsuit against
him for fraud more than three years later, on November 22, 2006,
it knew the claim was time-barred and yet filed it anyway, for the

5

ulterior purpose of pursuing Guy and Brock, and on this basis is liable for malicious prosecution.

Illinois Central contends in its motion that not only do plaintiffs have no evidence that Illinois Central knew more than three years prior to filing its lawsuit against the Harrieds that Harried had filed prior asbestos claims against other parties, but that based on the jury verdict in the Harried litigation, on which a final judgment was ultimately entered, plaintiffs are collaterally estopped from asserting in this lawsuit that Illinois Central knew prior to November 26, 2003 that Willie Harried had filed such prior claims. In the court's opinion, Illinois Central is correct on both points.

Both in the Harried case and in this case, Illinois Central has presented evidence that while John Murphy, an employee of MMI, an investigative consulting service that Illinois Central hired in 2003 to research plaintiffs that had sued or were suing Illinois Central, printed out a PACER report on October 1, 2003 which reflected earlier asbestos litigation by Willie Harried, Murphy did not immediately provide this information to Illinois Central. Instead, the report with this information was first sent to Illinois Central in late 2007 or early 2008, *after* Illinois

6

Central's settlement with Harried.  Plaintiffs have offered no evidence to the contrary.[2]

Further, the jury verdict and resulting judgment in the Harried case is entitled to preclusive effect on this issue.  "In this circuit, collateral estoppel applies when a previously litigated issue of law or fact was identical to the present issue, actually litigated, necessary to a final judgment, and reviewed

---

[2]   Accompanying plaintiffs' response is an affidavit of Willie Harried in which he states that he was present during the trial proceedings in the Harried case and that

> [e]vidence was presented at trial that Illinois Central received from its agent, John Murphy, a writing indicating that I had been involved in prior asbestos litigation filed in Jefferson County, Mississippi.  This information was noted by John Murphy, on October 1, 2003, at which time he gave written notice to Illinois Central that I had made other, earlier claims against asbestos manufacturers for asbestos-related damages.

Harried offers no citation to the record to support his characterization of the evidence.  On the other hand, Illinois Central has presented Murphy's deposition testimony which was read into the record during the Harried trial, in which he denied providing the information to Illinois Central in October 2003, and has also provided the testimony of Charles Garrett, Illinois Central's Manager of Occupational Claims, who testified that the PACER record was not provided to Illinois Central prior to its settlement with Harried in November 2003.
The court notes, too, that in Judge Bramlette's his opinion denying the motion for summary judgment filed by Guy and Brock, and joined by Willie Harried, in the Harried case, he stated that the defendants therein had offered "no credible evidence that Illinois Central knew that the information in the pulmonary questionnaire was false or that Illinois Central was aware of the one-page document indicating that Harried had been involved in prior asbestos litigation."  Illinois Cent. R. Co. v. Harried, 681 F. Supp. 2d 772, 777, 681 (S.D. Miss. 2009).  Likewise, herein, the Harrieds have presented no competent evidence to contradict the evidence from Illinois Central that it was unaware of these matters at the time of its settlement with Willie Harried.

under the same standard as the present issue." <u>Duffy & McGovern</u>
<u>Accommodation Services v. QCI Marine Offshore, Inc.</u>, 448 F.3d 825,
829, (5th Cir. 2006).  The jury verdict against Guy and Brock in
the <u>Harried</u> case necessarily established that the questionnaire
signed by Willie Harried in May 2003 and forwarded by his
attorneys to Illinois Central was false; that at the time of the
settlement with Willie Harried, Illinois Central was "ignorant of
the falsity" of Harried's statement in the pulmonary questionnaire
that he had not made previous claims for asbestos-related damages;
and that Illinois Central's claim was not barred by the statute of
limitations.  The jury could not have returned a verdict against
Guy and Brock unless it made these specific findings.[3]  These
matters have been finally adjudicated, are entitled to preclusive
effect, and are fatal to plaintiffs' claims herein.[4]

Accordingly, for the reasons set forth herein, it is ordered
that Illinois Central's motion for judgment on the pleadings, or
in the alternative, for summary judgment is granted.

_____

   [3]   The court notes that the jury's finding that Illinois
Central was "ignorant of the falsity" of Harried's representation
was not based on a mere "preponderance of the evidence," the
standard applicable in this case, but on the higher "clear and
convincing evidence" standard.

   [4]   Plaintiffs' negligent infliction of emotional distress
claim, being based on the same facts as their malicious
prosecution claim, fails for these reasons, as well.  <u>See</u> <u>McGuffie</u>
<u>v. Herrington</u>, 966 So. 2d 1274, 1278, (Miss. Ct. App. 2007)
(holding that negligence claim that is "indistinguishable from ...
malicious prosecution claim ... survives only in the form of [the]
malicious prosecution claim").

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 20th day of October, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE