```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION


WILLIE R. HARRIED AND WIFE,
JOYCE M. HARRIED                                         PLAINTIFFS


VS.                                   CIVIL ACTION NO. 3:11CV102TSL-MTP


FORMAN PERRY WATKINS KRUTZ
& TARDY RONALD KING, ET AL.                              RESPONDENTS
```

MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendant Illinois Central Railroad Company (Illinois Central) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56.  Plaintiffs Willie and Joyce Harried have responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion for summary judgment should be granted.

    The facts giving rise to the present lawsuit were set forth in a previous opinion of the court, as follows:[1]  In 2001, Willie Harried became a plaintiff with approximately 175 other plaintiffs, in a lawsuit filed in the Circuit Court of Jefferson County against Illinois Central, styled <u>Elbert Eakens v. Illinois</u>

---

    [1]    <u>Harried v. Forman Perry Watkins Krutz & Tardy</u>, --- F. Supp. 2d ----, 2011 WL 2728292 (S.D. Miss. July 12, 2011).

Central Railroad Co., Civil Action No. 2001-65, in which the plaintiffs, including Harried, asserted claims under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., based on allegations they suffered from asbestos-related disease as a result of exposure to asbestos while employed by Illinois Central. In August 2002, a settlement agreement was reached between the parties in the Eaton case, pursuant to which Illinois Central agreed to a payment schedule tied to each respective plaintiff's county of residence and specific medical diagnosis. As part of the agreement, each plaintiff was required to complete a Pulmonary Questionnaire which requested information about the respective plaintiff's diagnosis and exposure. Harried completed a questionnaire and on July 28, 2003, his attorneys, William Guy and Thomas Brock, forwarded his completed questionaire to Illinois Central. On November 26, 2003, after receiving the questionnaire, Illinois Central tendered to Harried and his attorneys a check in the amount of $90,000 in settlement of his claim.

   Subsequently, in November 2006, Illinois Central filed suit in this court against Willie Harried, charging him with fraud in connection with the settlement, the case being styled Illinois Cent. R. Co. v. Harried, Civil Action No. 5:06-cv-160(DCB)(JMR) (S.D. Miss.). Illinois Central alleged that following the settlement, it had discovered that certain of Harried's responses on the Pulmonary Questionnaire were materially false. In

particular, Illinois Central alleged that in response to specific questions seeking information about the timing of his diagnosis and any prior asbestos claims, Harried had failed to disclose that he had been a plaintiff in a 1995 lawsuit against asbestos manufacturers in which he sought recovery for asbestos-related disease; and Illinois Central asserted that had Harried's responses been truthful, it would not have settled his claim because it would have known that his claim accrued in or prior to 1995 and that his 2001 complaint against Illinois Central was consequently barred by FELA's three-year statute of limitations.

In December 2007, after Harried was deposed and testified that he had disclosed his participation in the earlier cases to Guy and Brock on an intake form, and after copies of the intake form produced in discovery by Guy and Brock did not match the description of the form Harried testified he had completed, Illinois Central filed an amended complaint to add Guy and Brock as defendants on claims for fraud and breach of the duty of good faith and fair dealing.  The case was ultimately tried, and on March 11, 2010, the jury returned a verdict against Brock and Guy but in favor of Harried on Illinois Central's fraud claim against him.

On January 19, 2011, Harried and his wife, Joyce, filed the present action in the Circuit Court of Hinds County against Illinois Central, and against Daniel Mulholland and the Forman

3

Perry law firm, which had represented Illinois Central in its lawsuit against Harried, alleging claims for abuse of process, malicious prosecution, conspiracy, negligent and intentional infliction of emotional distress, and punitive damages based on allegations that Illinois Central, through its counsel, filed and pursued the lawsuit against Willie Harried knowing that the claim against him was time-barred and yet proceeding anyway, with an ulterior motive of gathering information in order to initiate and pursue litigation against the attorneys Brock and Guy.

Following removal from state court, this court dismissed the Harrieds' claims against attorney Mulholland and his law firm, finding that claims for abuse of process, intentional infliction of emotional distress and civil conspiracy were time-barred; that the claim for negligent infliction of emotional distress failed because the attorneys owed no duty to the Harrieds; and that since Mulholland and his law firm were alleged to have acted solely in their capacity as counsel for Illinois Central in connection with the lawsuit against the Harrieds, the malicious prosecution claim failed because under Mississippi law, "an attorney is 'not the proper party against whom to bring [a civil malicious prosecution] action")'." Harried v. Forman Perry Watkins Krutz & Tardy, --- F. Supp. 2d ----, 2011 WL 2728292, at 4 (S.D. Miss. July 12, 2011).

In its present motion, Illinois Central argues, among other grounds, that plaintiffs' claims against it for abuse of process,

4

conspiracy and intentional infliction of emotional distress claims are barred by the applicable statute of limitations. Plaintiffs have not contended otherwise in their response, and the court, for reasons fully explained in its prior opinion, concludes the motion is well taken as to these claims. See Harried, 2011 WL 2728292.

In support of its motion for dismissal of the Harrieds' malicious prosecution claim, Illinois Central notes, as did the court in its earlier opinion, that this claim is based entirely on the Harrieds' allegation that Illinois Central knew at the time it filed the federal lawsuit against Willie Harried for fraud, that the claim was time-barred. Specifically, plaintiffs claim that on October 1, 2003, John Murphy, alleged by plaintiffs to be an agent of Illinois Central, gave written notice to Illinois Central that Willie Harried had made other, earlier claims against asbestos manufacturers for asbestos-related damages, and that Illinois Central, with actual knowledge of the other, earlier asbestos-related claims, paid Harried $90,000 on November 26, 2003 to settle his asbestos claim against Illinois Central. Plaintiffs maintain that since Illinois Central knew of Willie Harried's earlier claims against asbestos manufacturers for asbestos-related damages by October 1, 2003, then when it filed the lawsuit against him for fraud more than three years later, on November 22, 2006, it knew the claim was time-barred and yet filed it anyway, for the

5

ulterior purpose of pursuing Guy and Brock, and on this basis is liable for malicious prosecution.

Illinois Central contends in its motion that not only do plaintiffs have no evidence that Illinois Central knew more than three years prior to filing its lawsuit against the Harrieds that Harried had filed prior asbestos claims against other parties, but that based on the jury verdict in the Harried litigation, on which a final judgment was ultimately entered, plaintiffs are collaterally estopped from asserting in this lawsuit that Illinois Central knew prior to November 26, 2003 that Willie Harried had filed such prior claims.  In the court's opinion, Illinois Central is correct on both points.

Both in the Harried case and in this case, Illinois Central has presented evidence that while John Murphy, an employee of MMI, an investigative consulting service that Illinois Central hired in 2003 to research plaintiffs that had sued or were suing Illinois Central, printed out a PACER report on October 1, 2003 which reflected earlier asbestos litigation by Willie Harried, Murphy did not immediately provide this information to Illinois Central. Instead, the report with this information was first sent to Illinois Central in late 2007 or early 2008, *after* Illinois

Central's settlement with Harried. Plaintiffs have offered no evidence to the contrary.[2]

Further, the jury verdict and resulting judgment in the <u>Harried</u> case is entitled to preclusive effect on this issue. "In this circuit, collateral estoppel applies when a previously litigated issue of law or fact was identical to the present issue, actually litigated, necessary to a final judgment, and reviewed

---

[2] Accompanying plaintiffs' response is an affidavit of Willie Harried in which he states that he was present during the trial proceedings in the <u>Harried</u> case and that
> [e]vidence was presented at trial that Illinois Central received from its agent, John Murphy, a writing indicating that I had been involved in prior asbestos litigation filed in Jefferson County, Mississippi. This information was noted by John Murphy, on October 1, 2003, at which time he gave written notice to Illinois Central that I had made other, earlier claims against asbestos manufacturers for asbestos-related damages.

Harried offers no citation to the record to support his characterization of the evidence. On the other hand, Illinois Central has presented Murphy's deposition testimony which was read into the record during the <u>Harried</u> trial, in which he denied providing the information to Illinois Central in October 2003, and has also provided the testimony of Charles Garrett, Illinois Central's Manager of Occupational Claims, who testified that the PACER record was not provided to Illinois Central prior to its settlement with Harried in November 2003.

The court notes, too, that in Judge Bramlette's his opinion denying the motion for summary judgment filed by Guy and Brock, and joined by Willie Harried, in the <u>Harried</u> case, he stated that the defendants therein had offered "no credible evidence that Illinois Central knew that the information in the pulmonary questionnaire was false or that Illinois Central was aware of the one-page document indicating that Harried had been involved in prior asbestos litigation." <u>Illinois Cent. R. Co. v. Harried</u>, 681 F. Supp. 2d 772, 777, 681 (S.D. Miss. 2009). Likewise, herein, the Harrieds have presented no competent evidence to contradict the evidence from Illinois Central that it was unaware of these matters at the time of its settlement with Willie Harried.

7

under the same standard as the present issue." <u>Duffy & McGovern Accommodation Services v. QCI Marine Offshore, Inc.</u>, 448 F.3d 825, 829, (5th Cir. 2006). The jury verdict against Guy and Brock in the <u>Harried</u> case necessarily established that the questionnaire signed by Willie Harried in May 2003 and forwarded by his attorneys to Illinois Central was false; that at the time of the settlement with Willie Harried, Illinois Central was "ignorant of the falsity" of Harried's statement in the pulmonary questionnaire that he had not made previous claims for asbestos-related damages; and that Illinois Central's claim was not barred by the statute of limitations. The jury could not have returned a verdict against Guy and Brock unless it made these specific findings.[3] These matters have been finally adjudicated, are entitled to preclusive effect, and are fatal to plaintiffs' claims herein.[4]

Accordingly, for the reasons set forth herein, it is ordered that Illinois Central's motion for judgment on the pleadings, or in the alternative, for summary judgment is granted.

---

[3] The court notes that the jury's finding that Illinois Central was "ignorant of the falsity" of Harried's representation was not based on a mere "preponderance of the evidence," the standard applicable in this case, but on the higher "clear and convincing evidence" standard.

[4] Plaintiffs' negligent infliction of emotional distress claim, being based on the same facts as their malicious prosecution claim, fails for these reasons, as well. <u>See</u> <u>McGuffie v. Herrington</u>, 966 So. 2d 1274, 1278, (Miss. Ct. App. 2007) (holding that negligence claim that is "indistinguishable from ... malicious prosecution claim ... survives only in the form of [the] malicious prosecution claim").

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 20th day of October, 2011.

                                          <u>/s/ Tom S. Lee</u>
                                          UNITED STATES DISTRICT JUDGE